The issues in this case are concisely and accurately stated in our original opinion, which was handed down February 13, 1928, and in which our decree reversed the judgment of the lower court and gave judgment for the plaintiff for $2,682.67, with legal interest from judicial demand, and costs in both courts, and rejected the plaintiff's demand in all other respects. Both litigants applied for a rehearing, and their applications were granted. Pending the resubmission of the case, the defendant filed, in *Page 617 
this court, an exception or plea of prescription.
Both applications for rehearing were granted because of some doubt of the correctness of the conclusion expressed in paragraph IV of our original opinion.
We think the interposed plea of prescription is well founded, and, as this conclusion disposes of the case, we need not again discuss the issues raised on the merits further than to say that we adhere to the conclusions expressed in our original opinion. In that opinion we said:
"When the Lagarde Company removed the produce from the parish without paying the tax, thereby depriving plaintiff of its lien on said produce, it thereby made itself personally liable for the amount of the tax, although not personally liable therefor before that. For the owner who removes, or secretes, or converts, property subject to a lien, and thereby deprives the lienholder of his lien, becomes personally liable to the lienholder for the amount of the lien."
It is clear that our decree is based upon the theory that defendants committed a tort or quasi offense, an issue not raised by the pleadings and not considered by the trial court; and hence the plea of prescription was not filed until a rehearing hereof was granted. Actions in damages for tort, offenses, or quasi offenses are prescribed by one year. C.C. art. 3536. The petition in this case was filed December 10, 1925, and defendant accepted service thereof December 14, 1925, more than one year after the taxes sued for became due and exigible.
For these reasons our original decree is avoided, and it is now decreed that defendants' plea of prescription be, and it is hereby, sustained, and the judgment appealed from is affirmed at appellant's cost. The right is reserved to plaintiff to apply for a rehearing.
O'NIELL, C.J., and ST. PAUL, J., dissent. *Page 618